ROUX LABORATORIES, INC., Respondent, v. BEAUTY FRANCHISES, INC., Appellant.

No. 281. *Submitted under sec. (Rule) 251.54 September 11, 1973.— Decided October 2, 1973.*
(Also reported in 210 N. W. 2d 441.)

For the appellant the cause was submitted on the briefs of *Hersh & Stupar, S. C.,* of Milwaukee.

For the respondent the cause was submitted on the brief of *Lorinczi & Weiss,* attorneys, and *George G. Lorinczi, Robert K. Steuer* and *Robert P. Goldstein* of counsel, all of Milwaukee.

A brief amicus curiae was filed by *Robert W. Warren,* attorney general, and *Harold J. Lessner,* assistant attorney general.

PER CURIAM. The answer and counterclaim alleges that the plaintiff gave advertising rebates to competitors of the defendant in the state of Wisconsin, but did not give rebates to the defendant. This is alleged to be a violation of secs. 133.17, 133.185, and 133.01, Stats. It is further alleged that the plaintiff's conduct renders the contract for purchase of goods between the plaintiff and defendant illegal pursuant to sec. 133.26, and therefore the plaintiff cannot recover the purchase price. It is also alleged that the defendant has spent money for advertising for which it was entitled to a rebate from the plaintiff because such rebate was allowed to defendant's competitors. There is an allegation that the plaintiff's agreements to grant rebates to competitors of the defendant are in violation of sec. 133.01 as contracts in restraint of trade and intended to restrain competition in the price of the cosmetics sold by the plaintiff to the

defendant and its competitors. The counterclaim demands treble damages.

We conclude that sec. 133.26, Stats., does no more than restate the common-law rule that contracts founded upon a consideration which violates public policy will not be enforced. The statute does not apply to the contract in this case, because there is no illegal consideration involved. The illegal rebates alleged were granted to the competitors of the defendant, not to the defendant. Therefore, the demurrer to the affirmative defense was properly sustained without leave to replead.

The counterclaim contains an allegation that the agreements between the plaintiff and the competitors of the defendant which grant rebates to the competitors are intended to restrain price competition. However, no facts are alleged which show how these agreements operate to restrain price competition. Therefore, the allegation is a bare conclusion of the pleader. The demurrer to the counterclaim was properly sustained, with leave to replead.

The order is affirmed.